The Honorable Veo Easley State Representative State Capitol Little Rock, Arkansas 72201
Dear Representative Easley:
This is in response to your request, on behalf of the Mayor of Sheridan, for an opinion concerning an initiative petition passed by the voters of Sheridan. The petition is entitled "REESTABLISHMENT OF PARKS AND RECREATION COMMISSION". Specifically, the mayor questions whether the petition is contrary to the laws of the state.
It is my opinion that virtually every section of the petition is contrary to the general laws of the state.
Local electors may initiate measures as to municipal legislation of every character in and for their respective municipalities, but no local legislation can be enacted contrary to the general laws of the state. Arkansas Constitution, Amendment 7.
There are three separate statutory sections in Arkansas authorizing the creation of a "Parks and Recreation Commission."See A.C.A. § 14-269-101 et seq., § 14-269-201 et seq., and § 14-269-301 et seq. It is unclear under what section the Sheridan "Parks and Recreation Commission" was originally created, or under what section the initiative petition seeks to "recreate" it. The petition, however, is contrary to each of the three separate statutory sections in several respects.
The initiative's primary deviation from the statutes is that in many respects it takes away the statutorily granted authority of the city council. The initiative in section 3 provides for the appointment of commissioners by the mayor. It does not, however, require them to be confirmed by a majority vote of the city council as required by A.C.A. § 14-269-202(b) or § 14-269-302
(b). Section 14-269-104 (f) provides for appointment by the governing body alone.
The duration of the terms of the initial commissioners is to be determined by the mayor under the initiative; the statutes require the initial terms to be set by the mayor and citycouncil. A.C.A. § 14-269-202(b), and § 14-269-302(b).
Under the initiative, section 4, vacancies on the commission are to be filled by the mayor. Under the statutes, an appointment made by the mayor to fill a vacancy must be approved by the city council. A.C.A. § 14-269-202(c), and § 14-269-302(c). Under A.C.A. § 14-269-104, vacancies are to be filled by the remaining commission members, and appproved by the governing body of the municipality. § 14-269-104(f).
Section 6 of the initiative provides that the commission is accountable directly to the mayor and under the general supervision of the mayor. Although the statutes do not address this precise issue, it is my opinion that the general tenor of the statutes suggests that the commission, if accountable to other city officials, would be accountable to the mayor and citycouncil.
Additionally, the initiative petition in section 2, creates a commission consisting of five members. This number is consistent with the authority granted in A.C.A. § 14-269-202, or §14-269-302. These statutes, however, require that the commission members be "qualified electors of the municipality". See §14-269-202(a), and § 14-269-302(a). The initiative petition requires three commissioners to live in the city of Sheridan, and two to live outside the city in Grant County. The two commissioners who live outside the city will not be "qualified electors of the municipality". See Davis v. Holt, (Arkansas Supreme Court Opinion No. 90-317, February 25, 1991). Section 2 of the ordinance is therefore also contrary to the general laws of the state.
The mayor has also asked what the options of the city are in dealing with this petition if indeed it is contrary to Arkansas law. It should be noted in this regard that the initiative has been passed by a vote of the people and is therefore currently law in the City of Sheridan. It is apparent, however, that the initiative is void as contrary to state law. The resolution of the the issue will ultimately have to be decided by a court faced with the question. Officials charged with carrying out the initiative, however, may disregard its provisions and invite a lawsuit on the matter. It is my opinion that the officials would prevail in such a suit. We suggest, however, that local counsel be consulted in this regard.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb